[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15455
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00990-CV-6-IPJ

C.G., a minor, by her parents and next of
friends, Michael and Tammy G.,

                                                          Plaintiff-Appellant,

                                    versus

BOBBY GANN, in his individual and official capacities,
HARVEY SANFORD, Dr., in his individual and
official capacities,
LESLIE NICHOLSON, in his individual and official capacities,
WALKER COUNTY BOARD OF EDUCATION,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 18, 2007)**

Before DUBINA, CARNES, and COX, Circuit Judges.

PER CURIAM:

C.G., a minor, was a student at Curry High School within the Walker County School District. C.G. by her next friends Michael and Tammy G., sued the Walker County Board of Education ("the Board") asserting claims under Title IX and 42 U.S.C. § 1983. Plaintiff also sued Superintendent of the Walker County School District Harvey Sanford, Principal of Curry High School Bobby Gann, Assistant Principal of Curry High School Leslie Nicholson, Assistant Superintendent for the Walker County School District Alan Trotter, and teacher Lindsey McLemore, asserting claims under 42 U.S.C. § 1983. And, Plaintiff sued McLemore for invasion of privacy. Plaintiff's claims assert that she was sexually harassed by McLemore.

Trotter and McLemore were dismissed from the case. The district court granted summary judgment in favor of the Board, Sanford, Gann, and Nicholson on all of Plaintiff's claims. Plaintiff now appeal.

Plaintiff argues that the district court erred in granting summary judgment to the Board on Plaintiff's Title IX claims. We find no such error. For the reasons stated by the district court, Plaintiff failed to raise a genuine issue of material fact regarding the Board's deliberate indifference to any sexual harassment of C.G. and as to whether C.G.'s stay at the alternative school was extended in retaliation for her complaint of harassment. (R.4-136 at 12-19.)

With regard to the § 1983 claims, Plaintiff contends that the district court erred in granting the Board summary judgment on those claims because the Board did not move for summary judgment on them. Plaintiff further contends that the district court erred in granting the individual Defendants summary judgment on all Plaintiff's § 1983 claims against those Defendants because they failed to move for summary judgment on the § 1983 claims to the extent that those claims were based on Plaintiff's allegation that her equal protection rights (other than her right to be free from retaliation) had been violated.

As an initial matter, we note that Plaintiff's Second Amended Corrected Complaint is unclear as to which of the Defendants were the subject of Plaintiff's § 1983 claim and which equal protection rights were allegedly violated by which of the Defendants' actions. (*See* R.2-57 ¶¶ 33-41 (omitting any identification of the Defendants against whom § 1983 claim is prosecuted and identifying the Board in factual allegations only once)). But, even assuming that the Second Amended Corrected Complaint meets the notice pleading standard of Federal Rule of Civil Procedure 8, we find Plaintiff's arguments regarding Defendants' failure to move for summary judgment on all claims meritless. Defendants' motion for summary judgment clearly put all of Plaintiff's claims at issue. In addition to explicitly saying that Defendants seek "summary judgment in their favor as to all claims," (R.5-97 at

3

1), the motion also states "There is absolutely no evidence of any continued violation of the plaintiff's right to be free from sexual harassment after defendants Walker County Board of Education, Sanford and Gann received notice of and investigated and investigated [sic] the same." (R.5-97 at 3 ¶9.) Furthermore, Defendants' motion explicitly adopts "any and all applicable arguments and evidence offered by any other defendant in support of a dispositive motion." (R.5-97 at 7 ¶18.) We find this sufficient to put Plaintiff on notice of the issues on summary judgment.[1]

Plaintiff also argues that summary judgment should not have been granted to the Defendants on those § 1983 claims that Plaintiff acknowledges was the subject of Defendants' motions for summary judgment. We find no error in the district court's grant of summary judgment. Plaintiff failed to present any evidence that she was subjected to further sexual harassment after school officials had actual knowledge of her allegations. And, she failed to present evidence sufficient to raise an issue of material fact regarding retaliation. (R.4-136 at 22.)[2]

**AFFIRMED.**

---

[1]We also note that, while she argued that Defendants had failed to move for summary judgment on all claims, Plaintiff's opposition briefs discussed all of the claims – even those that she contended were not the subject of the summary judgment motions. (R.4-115 at 16 n.16, R.4-119 at 1 n.1 & 3-4.)

[2]This court raised sua sponte a question as to our jurisdiction. We conclude that we have jurisdiction. *See Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999).